1
2
3
4
5
6
7
8
9
10
11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

12  JASON FAIR,

13              Petitioner,

14      v.

15  BELINDA STEWART,

16              Respondent.

17

Case No.  C06-5711 RBL/KLS

ORDER TO SHOW CAUSE WHY
PETITION SHOULD NOT BE
DISMISSED

18          Petitioner in this action is seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254.

19  This case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title

20  28 U.S.C. §§ 636 (b) (1) and Local MJR 3 and 4.

21          On September 17, 2003, Petitioner pleaded guilty to three counts of first degree child

22  molestation.  The sentencing court imposed a Special Sex Offender Sentencing Alternative

23  (SSOSA).  On May 21, 2004, it revoked the SSOSA and imposed 130-months-to-life sentences.

24  Petitioner filed a direct appeal of the revocation of his SOSA with the Washington State Court of

25  Appeals.  (Dkt. # 1; State of Washington v. Fair, 128 Wash.App. 1046 (2005) (Not Reported in

26  P.3d)).   The Washington Court of Appeals affirmed the revocation on July 20, 2005.  Petitioner had

27  one year, until July 20, 2006, to file a collateral challenge to his conviction, known as a personal

28

ORDER
Page - 1

1    restraint petition, with the Washington Supreme Court.  It does not appear that Petitioner has done

2    so.

3          There is an exhaustion requirement in federal court for habeas actions.  In order to satisfy the

4    exhaustion requirement, Petitioner's claims must have been fairly presented to the state's highest

5    court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th

6    Cir. 1985).  No claim in this petition appears to have been presented to the state's highest court.  A

7    federal habeas petitioner must provide the state courts with a fair opportunity to correct alleged

8    violations of prisoners' federal rights.  Duncan v. Henry, --- U.S. ---, 115 S.Ct. 887, 888 (1995).  It

9    is not enough that all the facts necessary to support the federal claim were before the state courts or

10   that a somewhat similar state law claim was made.  Id, citing Picard v. Connor, 404 U.S. 270 (1971)

11   and Anderson v. Harless, 459 U.S. 4 (1982).  Thus, Petitioner's claims appear unexhausted.

12         2.  Accordingly, Petitioner shall show cause why this petition should not be dismissed.  A

13   response is due by **February 23, 2007.**  If Petitioner fails to file a response or the response shows

14   the petition cannot go forward the court will enter a report and recommendation that the petition be

15   dismissed.

16         3.  The Court Clerk is directed to send a copy of this Order to Petitioner.

17

18         DATED this 26th day of January, 2007.

19

20

21

22                                                  Karen L. Strombom
                                                   United States Magistrate Judge
23

24

25

26

27

28

ORDER
Page - 2