UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JASON FAIR,

    Petitioner,

v.

BELINDA STEWART,

    Respondent.

Case No. C06-5711 RBL/KLS

REPORT AND RECOMMENDATION

**NOTED FOR:
September 7, 2007**

This 28 U.S.C. § 2254 petition for habeas corpus relief has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636 (b) and Local MJR 3 and 4. Petitioner seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254. (Dkt. # 5). Respondent has answered (Dkt. # 14) and Petitioner has replied (Dkt. # 17). This matter is now ripe for review. After careful review, the undersigned recommends that the petition be denied with prejudice.

**I. BASIS FOR CUSTODY**

Petitioner is in custody pursuant to his convictions by guilty plea on three counts of child molestation in the first degree. (Dkt. # 16, Exh. 1; Exh. 2).

REPORT AND RECOMMENDATION- 1

## II. STATEMENT OF THE CASE

The superior court sentenced Petitioner under RCW 9.94A.712 to a total confinement of 130-months to life imprisonment. (*Id.*). Petitioner pled guilty to the charges of first degree child molestation on September 17, 2003, and the superior court sentenced him on October 31, 2003. (*Id.*, Exh. 1). The superior court sentenced Petitioner as a non-persistent sex offender under RCW 9.94A.712 to a total confinement for 130-months to life. (*Id.*). The superior court then suspended that sentence of total confinement, pursuant to Washington"s Special Sex Offender Sentencing Alternative (SSOSA), RCW 9.94A.670, and ordered Petitioner to serve an alternative sentence of six months confinement, followed by a term of community custody for the length of the suspended sentence of total confinement. (*Id.*, Exh. 1 at 5-6). Petitioner did not appeal from the judgment and sentence.

Petitioner subsequently violated the conditions of the SSOSA sentence. On May 24, 2004, the superior court revoked the SSOSA sentence and ordered Petitioner to serve the previously suspended sentence of 130-months to life imprisonment. (*Id.*, Exh. 2; see also Exh. 1). Petitioner appealed to the Washington Court of Appeals from the order revoking the SSOSA sentence. (*Id.*, Exh. 3; Exh. 4). The Washington Court of Appeals issued an unpublished opinion on July 20, 2005, affirming the order of revocation. (*Id.*, Exh. 5). Petitioner did not seek review by the Washington Supreme Court, and the Washington Court of Appeals issued its mandate on August 25, 2005. (*Id.*, Exh. 6).

Petitioner filed a personal restraint petition in the Washington Court of Appeals on November 29, 2005. (*Id.*, Exh. 7, Exh. 8, Exh. 9). The Washington Court of Appeals dismissed the petition. (*Id.*, Exh. 10). Petitioner sought review by the Washington Supreme Court. (*Id.*, Exh. 11). Petitioner essentially presented the following issues to the Washington Supreme Court: (1) the sentence violates a constitutional right to have aggravating factors proven to a jury beyond a reasonable doubt; (2) RCW 9.94A.712 is unconstitutional because the statute allows the imposition of a sentence without a jury finding aggravating facts; (3) the sentence violates the Double Jeopardy Clause; and (4) the legislature unconstitutionally removed from the jury the assessment of

REPORT AND RECOMMENDATION- 2

aggravating factors. (*Id.*)

The Washington Supreme Court denied review on August 30, 2006. (*Id.*, Exh. 12). The Washington Court of Appeals issued a certificate of finality on November 6, 2006. (*Id.*, Exh. 13). Petitioner signed his habeas corpus petition on December 17, 2006. (Dkt. # 5, p. 7).

### III. ISSUES

Petitioner presents the Court with the following grounds for relief:

1. Exceptional Sentence. Fact 1: Mr. Fair is sentenced to an exceptional sentence. Fact 2: His sentence is imposed without any aggravating facts. Fact 3: There must be facts that have been proved beyond a reasonable doubt, or admitted to by the defendant to support the exceptional sentence. Fact 4: The sentence is outside the court's jurisdiction. Fact 5: The sentence violates Mr. Fair's constitutional rights.

2. Constitutionality of RCW 9.94A.712. The legislature is not permitted to enact a law that takes away the constitutional right of having the facts, (that are required to support an exceptional sentence), proved to a jury or admitted to. RCW 9.94A.712 has taken away the need to have facts proven in order to impose an exceptional sentence. This RCW also allows the convicted to be sentenced multiple times for the same offense.

3. Cruel and Unusual Punishment (Sentence Unfair and Not Proportionate) Mr. Fairs sentence is extremely unproportionate [sic] compared to other sentences of the state. Mr. Fair has a seriousness level of 10, but has an exceptional sentence of life, and the sentence was imposed without any facts to support an exceptional sentence.

(Dkt. # 5, pp. 5-6).

### IV. EXHAUSTION OF STATE REMEDIES

In order to satisfy the exhaustion requirement, Petitioner's federal claims must have been fairly presented to the state's highest court. *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985).

Respondent argues that Petitioner properly exhausted his first and second claims by fairly presenting the two claims to the Washington Supreme Court as federal claims, but failed to properly

REPORT AND RECOMMENDATION- 3

exhaust his third claim because he did not present the third claim to the Washington Supreme Court on the same factual basis and legal theory as the claim is presented in federal court. Further, Respondent submits that Petitioner's third claim is now procedurally barred under an independent and adequate state law, and the claim is not cognizable in federal court absent a showing of cause and prejudice or a fundamental miscarriage of justice. Petitioner requests that this petition go forward with his first two claims or asks this Court to issue a stay in order to allow Petitioner to exhaust his third claim in the state supreme court. (Dkt. 17 at 1). Petitioner states that he would rather drop his third claim and pursue his first two claims in this court. (*Id*.)

As is more fully discussed below, Petitioner's third claim is now procedurally barred under Washington Statutes RCW 10.73.090 (one-year statute of limitations bar) and 10.73.140 (prohibition of filing of multiple collateral challenges), and this claim is not cognizable in federal court absent a showing of cause and prejudice or a fundamental miscarriage of justice. Therefore, Petitioner's request for a stay shall be denied. Petitioner's first two claims will be reviewed on the merits.

### V. EVIDENTIARY HEARING

In a proceeding instituted by the filing of a federal *habeas corpus* petition by a person in custody pursuant to a judgment of a state court, the "determination of a factual issue" made by that court "shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). The Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id.*

Where a Petitioner "has diligently sought to develop the factual basis of a claim for habeas relief, but has been denied the opportunity to do so by the state court," an evidentiary hearing in federal court will not be precluded. *Baja v. Ducharme,* 187 F.3d 1075, 1078-79 (9th Cir. 1999), *cert. denied*, 120 S.Ct. 798 (2000) (quoting *Cardwell v. Greene*, 152 F.3d 331, 337 (4th Cir. 1998)). If the Petitioner fails to develop "the factual basis of a claim" in the state court proceedings, an evidentiary hearing on that claim shall not be held, unless the petitioner shows: (A) the claim relies on (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously

REPORT AND RECOMMENDATION- 4

discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2254(e)(2).

An evidentiary hearing is not required on issues that can be resolved by reference to the state court record." *Id.* (emphasis in original). "It is axiomatic that when issues can be resolved with reference to the state court record, an evidentiary hearing becomes nothing more than a futile exercise." *Id.; United States v. Birtle*, 792 F.2d 846, 849 (9th Cir. 1986) (quoting 28 U.S.C. § 2255). Petitioner is not entitled to an evidentiary hearing in this Court because, as is discussed below, there is no indication "that an evidentiary hearing would in any way shed new light" on the grounds for federal *habeas corpus* relief raised in the petition and the issues raised by Petitioner may be resolved based solely on the state court record.

## VI. STANDARD OF REVIEW

Federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension. *Engle v. Isaac*, 456 U.S. 107 (1983). 28 U.S.C. § 2254 is explicit in that a federal court may entertain an application for writ of habeas corpus "only on the ground that [the petitioner] is in custody in violation of the constitution or law or treaties of the United States." 28 U.S.C. § 2254(a)(1995). The Supreme Court has stated many times that federal habeas corpus relief does not lie for errors of state law. *Lewis v. Jeffers*, 497 U.S. 764 (1990); *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Estelle v. McGuire*, 502 U.S. 62 (1991).

Further, a habeas corpus petition shall not be granted with respect to any claim adjudicated on the merits in the state courts unless the adjudication either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. §2254(d). A determination of a factual issue by a state court shall be presumed correct, and the applicant has the

REPORT AND RECOMMENDATION- 5

burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. §2254(e)(1).

## VII. DISCUSSION

**A.  Claims One and Two Are Barred Under 28 U.S.C. § 2254(d) and *Teague v. Lane,* 489 U.S. 288 (1989)**

Petitioner claims that he has, in fact, been sentenced to life because after serving his 130 month sentence, the Indeterminate Sentencing Review Board may continue him in confinement in two year intervals for many years to come before transferring him to community custody for any period of time.  (Dkt. # 17, pp. 3-4, citing RCW 9.94A.712).  Petitioner also claims that his sentence has been defined as an "exceptional" sentence by the state legislature in RCW 9.94A.535.  (*Id.*).  Thus, Petitioner submits, facts supporting the imposition of such an exceptional sentence must be proven beyond a reasonable doubt, relying on *United States v. Booker*, 543 U.S. 200 (2005), *Blakely v. Washington*, 542 U.S. 296 (2004), *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

Respondent argues that the non-retroactivity doctrine of *Teague v. Lane*, 489 U.S. 288 (1989) bars application of *Blakely* in this case because Petitioner's judgment became final prior to the issuance of *Blakely* and that even if the judgment became final after *Blakely*, relief is barred under *Teague* and 28 U.S.C. §2254(d) since the claims would require a novel extension of *Blakely* so as to constitute the announcement and retroactive application of a new rule.

Petitioner's judgment and sentence was entered by the state court on October 31, 2003. (Dkt. # 16, Exh. 1).  Petitioner did not appeal from the judgment and sentence.  Including the thirty-day period of time a defendant has to file a notice of appeal from a judgment and sentence, the judgment became final no later than December 1, 2003.  The Supreme Court did not issue its opinion in *Blakely* until June 24, 2004.  *Blakely*, 542 U.S. 296 (2004).

The Washington Court of Appeals reviewed Petitioner's claims and concluded that the *Blakely* decision is not retroactive and did not apply to Petitioner's claims:

> Jason Allen Fair seeks relief from personal restraint imposed following his October 31, 2003 guilty plea conviction on three counts of first degree child

REPORT AND RECOMMENDATION- 6

molestation. He argues that his sentence under RCW 9.94A.712 was unlawful under *Blakely v. Washington*, 542 U.S. 296 (2004). This petition is dismissed.

> Because petitioner did not appeal his conviction, it was final in 2003, [FN 1] well before the United States Supreme Court issued *Blakely* in June 2004. Our Supreme Court has held that *Blakely* is not retroactive and, therefore, does not apply to cases that were final before *Blakely* was announced. *State v. Evans*, 154 Wn.2d 438, 449-49 (2005). Thus, *Blakely* does not apply to petitioner, and this argument clearly has no merit.
>
> [Court's footnote 1] Petitioner did appeal the revocation of his SSOSA sentence. In an unpublished opinion, this court affirmed the revocation. *See State v. Fair*, No. 31823-7-II. The fact the trial court suspended petitioner's sentence under SSOSA does not mean that his original judgment and sentence was not final when filed or that the revocation of the suspended sentence entitles him to reopen issues that he could have challenged under his original judgment and sentence. *See State v. Liliopoulos*, 165 Wash. 197, 210 (1931) (a judgment is final when it terminates the prosecution of the appellant by the state; merely suspending the execution of the sentence subject to certain conditions does not mean there was no final judgment unless the statute authorizing the suspended sentence specifies that it is not appealable).

(Dkt. # 16, Exh. 10 at 1-2).

The Washington Supreme Court similarly rejected Petitioner's claims that his sentence violated the principles set forth in *Blakely*:

> Although Mr. Fair claims to have several grounds for relief, they all turn on his contention that his sentence violates the constitutional principles set forth in *Blakely v. Washington*, 542 U.S. 296, 24 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). But this court has recently held that sentences imposed under RCW 9.94A.712 do not implicate those principles, even when the minimum term is outside the standard range (which Mr. Fair's are not). *State v. Clarke*, 156 Wn.2d 880, 134 P.3d 188 (2006); *State v. Borboa*, 157 Wn.2d 108, 135 P.3d 469 (2006).

(Dkt. # 16, Exh. 12).

Assuming Petitioner's judgment became final after the issuance of *Blakely*, Respondent argues that Petitioner is still not entitled to relief because his claims would require a novel extension of *Blakely* so as to constitute the announcement and retroactive application of a new rule.

A rule is new if reasonable jurists would not have felt compelled by existing precedent to grant the relief required by the new rule. *Saffle v. Parks*, 494 U.S. at 488.   The new rule principle protects the reasonable judgments of state courts, and the State's interest in the finality of judgments. *Beard v. Banks*, 542 U.S. 406, 413 (2004). The principle "validates reasonable, good-faith

REPORT AND RECOMMENDATION- 7

interpretations of existing precedents made by state courts even though they are shown to be contrary to later decisions." *Butler v. McKellar*, 494 U.S. 407, 414 (1990).  This principle serves the primary function of habeas corpus, which is "to ensure that state convictions comport with the federal law that was established at the time petitioner's conviction became final." *Sawyer v. Smith*, 497 U.S. 227, 239 (1990).

When a federal court is asked to extend an existing rule to a new situation, the court must "determine whether a state court considering [the defendant's] claim at the time his conviction became final would have felt compelled by existing precedent to conclude that the rule [he] seeks was required by the Constitution." *Caspari v. Bohlen*, 510 U.S. 383, 390 (1994).  The federal court "will not disturb a final state conviction or sentence unless it can be said that a state court, at the time the conviction or sentence became final, would have acted objectively unreasonably by not extending the relief later sought in federal court." *O'Dell v. Netherland*, 521 U.S. 151, 156 (1997).

To determine then whether Petitioner's claims would require a novel extension of the rule set forth in *Blakely*, it is necessary to review the facts surrounding the sentencing in that case. Blakely pled guilty to second degree kidnapping involving domestic violence and use of a firearm, and his plea admitted the elements of second degree kidnapping, as well as the allegations of domestic violence and firearm use, but no other relevant facts. *Blakely*, 542 U.S. 298-99. The statute established a standard range sentence of 49 to 53 months for the offense. *Id*. at 299-300. The judge imposed an exceptional sentence above the standard range. *Id*. at 300. The judge justified the exceptional sentence based upon the aggravating factor of "deliberate cruelty," a fact not found by a jury or admitted to by Blakely's plea. *Id*. at 299-301.

The Supreme Court held Blakely's sentence unconstitutional because it exceeded the maximum sentence the judge could impose under the relevant statute without any additional factual

REPORT AND RECOMMENDATION- 8

findings. *Id*. at 303-04. The Supreme Court held "the relevant statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings." *Id*. Thus, the state court could not impose the exceptional sentence unless the additional fact supporting the exceptional sentence was admitted by the defendant, or found by a jury with proof beyond a reasonable doubt. *Id*. at 304.

Here, Petitioner pled guilty to first degree child molestation committed in 2003. (Dkt. # 16, Exh. 1). Having been convicted of a crime first degree child molestation committed on or after September 1, 2001, Petitioner was a non-persistent sex offender pursuant to RCW 9.94A.712(1), and the superior court was required to impose both a maximum term and a minimum term when sentencing him. RCW 9.94A.712(3)(a). "The maximum term shall consist of the statutory maximum sentence for the offense." RCW 9.94A.712(3)(b). First degree child molestation is a class A felony, and the statutory maximum for a class A felony is life imprisonment. RCW 9A.44.083(2); RCW 9A.20.021(1)(A). The statute mandated that Petitioner receive a maximum sentence of life imprisonment. RCW 9.94A.712(3)(a) and (b). The court sentenced Petitioner to the maximum sentence of life imprisonment. (Dkt. # 16, Exh. 1 at 5). The statute also mandated that the superior court impose a minimum term. RCW 9.94A.712(3)(c). The minimum term could be either within the standard range, or an exceptional minimum term. RCW 9.94A.713(c). The superior court imposed a minimum term of 130 months, which was within the standard range. (Dkt. # 16, Exh. 1 at 2 and 5; RCW 9.94A.712(3)(c)(I)).

The record reflects that Petitioner did not receive an exceptional sentence based upon aggravating factors not admitted to by his guilty plea. (*Blakely* permits the imposition of any sentence allowed by the judgment of guilty alone. *Blakely*, 124 U.S. at 2537). Instead, as noted by the Washington Supreme Court, Petitioner received a sentence within the range authorized by the

REPORT AND RECOMMENDATION- 9

statute, based upon the facts admitted by his plea of guilty.  (*See* Dkt. # 16, Exh. 12).

Retroactive application of the *Blakely* rule to Petitioner's sentence is barred under both 28 U.S.C. § 2254(d) and *Teague,* 489 U.S. 288 (1989).  Thus, the state courts' decisions were not contrary to or an unreasonable application of clearly established federal law.  Petitioner is not entitled to relief on claims one and two and the undersigned recommends that his petition be dismissed with prejudice.

**B.        Exhaustion and Procedural Default of Third Claim**

In order to satisfy the exhaustion requirement, petitioner's claims must have been fairly presented to the state's highest court.  *Picard v. Connor,* 404 U.S. 270, 276 (1971); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985).   A state prisoner must exhaust state remedies with respect to each claim before petitioning for a writ of habeas corpus in federal court. *Granberry v. Greer,* 481 U.S. 129, 134 (1987).   It is the petitioner's burden to prove that a claim has been properly exhausted and is not procedurally barred. *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).  It is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state law claim was made.  In order to exhaust the federal habeas claim, petitioner must have fairly presented to the state courts the substance of his federal habeas claim. *Anderson v. Harless*, 459 U.S. 4, 6-7 (1982) (citations omitted). The petitioner must present the claims to the state's highest court, even where such review is discretionary. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

In his third claim for relief, Petitioner claims that his sentence violates the prohibition on cruel and unusual punishment. Respondent argues that Petitioner did not present this claim to the Washington Supreme Court on the same factual basis and legal theory as the claim is presented in

REPORT AND RECOMMENDATION- 10

federal court. Petitioner concedes that he may not have exhausted this and asks that he be allowed to go forward in this petition with his first two claims and drop the third claim or that the case be stayed while he exhaust claim three in the state courts. That claim, however, is now barred under an independent and adequate state law.  Consequently, the undersigned recommends that Petitioner's request for a stay be denied and that the unexhausted claim be dismissed.

**C.      Dismissal of Unexhausted Claim**

Federal courts "may not adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims." *Rhines v. Weber*, 125 S. Ct. 1528, 1532-33 (2005).  Instead, such petitions "must be dismissed for failure to completely exhaust available state remedies." *Jefferson v. Budge*, 419 F.3d 1013, 2005 WL 1949886 *2 (9th Cir. 2005) (citing *Rose v. Lundy*, 455 U.S. 509, 518-22 (1982)).

As Petitioner's third ground for seeking federal *habeas corpus* relief has not been fully exhausted, Petitioner has presented a mixed petition containing both exhausted and unexhausted federal claims, which, in itself requires dismissal of the petition.  Before doing so, generally the Court is required to provide Petitioner with "the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." *Id.;* see also *Rhines*, 125 S. Ct. at 1535; *Tillema v. Long*, 253 F.3d 494, 503 (9th Cir. 2001) (court must provide *habeas corpus* litigant with opportunity to amend mixed petition by striking unexhausted claims).  This is not so, however, where the Petitioner would be procedurally barred from returning to state court to address the unexhausted claims.

If a petitioner fails to obey state procedural rules, the state court may decline review of a

REPORT AND RECOMMENDATION- 11

claim based on that procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). If the state court clearly and expressly states that its judgment rests on a state procedural bar, the petitioner is barred from asserting the same claim in a habeas proceeding. *Harris v. Reed,* 489 U.S. 255, 263 (1989); *Noltie v. Peterson*, 9 F.3d 802, 805 (9th Cir. 1993); *Shumway v. Payne*, 223 F.3d 982 (9th Cir. 2000). A claim is also barred, despite the absence of a "plain statement," where the petitioner failed to exhaust state remedies, and the state courts would now find the claim to be procedurally barred under state law. Coleman, 501 U.S. at 735 n. 1; *Noltie*, 9 F.3d at 805.

A defendant may not collaterally challenge a conviction more than one year after the conviction becomes final. RCW 10.73.090(1). Petitioner's conviction became final for purposes of the state time bar statute when the superior court entered the judgment and sentence on October 31, 2003. (Dkt. # 16, Exh. 1). More than one year has passed since the state court entered the judgment, and state law now bars Petitioner from presenting any federal claim to the Washington Supreme Court. RCW 10.73.090. Claim three is now procedurally barred, and the claim is not cognizable absent a showing of cause and prejudice or a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

## VIII.  CONCLUSION

Because the decisions by the Washington state courts as to Petitioner's first and second grounds for relief were neither contrary to nor an unreasonable application of clearly established federal law, the undersigned recommends that Petitioner's first and second claims to habeas relief be dismissed with prejudice. (Dkt. # 5)

The undersigned recommends that Petitioner's third claim for habeas relief also be dismissed

REPORT AND RECOMMENDATION- 12

with prejudice as it is unexhausted. (Dkt. # 5). Petitioner failed to present this claim as a federal constitutional violation at every level of state courts' review and he is now procedurally barred from presenting this claim to the Washington state courts.

A proposed Order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **September 7, 2007**, as noted in the caption.

DATED this 1st day of August, 2007.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION- 13